Filed 8/30/13  P. v. Charter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073364 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01433) |
| v. | |
| MICHAEL CHARTER, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

Because this matter was resolved by plea the facts are taken from the stated factual basis.

Between February 28, 2013 and March 1, 2013, defendant willfully and unlawfully took the victim's 1990 Honda Accord without the victim's permission and with the intent to permanently deprive him of title and possession.

A felony complaint charged defendant with vehicle theft (Veh. Code, § 10851, subd. (a)), receiving stolen property (Pen. Code, § 496, subd. (a)) and misdemeanor possession of burglary tools (Pen. Code, § 466). Defendant pleaded no contest to the auto theft charge and the remaining counts were dismissed. The trial court granted defendant probation for a period of five years conditioned on serving 270 days in county jail, with credit for time served of six days. The trial court ordered defendant to pay a $280 restitution fund fine (Pen. Code, § 1202.4), a $30 court facilities assessment (Gov. Code, § 70373), a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $25 urinalysis testing fee. The trial court reserved jurisdiction on the issue of direct victim restitution. The trial court imposed and the defendant accepted additional terms and conditions of probation, as stated in the probation report. Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

2

DISPOSITION

The judgment is affirmed.

                                                      MURRAY , J.

We concur:

HULL , Acting P. J.

MAURO , J.